IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD A. SEIVER,
No. 17217-026,

        Petitioner,

vs.                                      CIVIL NO.  13-cv-00928-DRH

J.S. WALTON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Ronald A. Seiver, an inmate in the United States Penitentiary at Marion, Illinois, petitions the Court pursuant to 28 U.S.C. § 2241 to overturn two prison disciplinary convictions that caused him to lose 26 days of good conduct credit. Seiver contends that his Fourteenth Amendment right to due process was violated because there was insufficient evidence to support his July 24, 2012, convictions for abuse of the mail and abuse of the telephone.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Inmates have a liberty interest in good conduct credits that is protected under the Fourteenth Amendment. Section 2241is the appropriate means by which to make such a challenge. *See Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011). There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent Walton will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**September 30, 2013**

Digitally signed by
David R. Herndon
Date: 2013.09.30
12:57:52 -05'00'

**Chief Judge**
**United States District Court**